FILED

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

98 NOV 18 PM 2: 12

U.S. DISTRICT COURT
N.D. OF ALABAMA

MALCOLM DRISKILL,                    )
                                     )
      Plaintiff,                    )
                                     )
vs.                                  )          CV 97-B-3015-S
                                     )
CHAPLAIN BILL LINDSEY,               )
                                     )
      Defendant.                    )

ENTERED

NOV 18 1998

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on June 15, 1998, recommending that the defendants' motion for summary judgment be granted and this cause be dismissed with prejudice. Plaintiff filed objections on June 18, 1998.

Plaintiff objects to the court's finding for the defendant based on the conclusion that the regulation in question is valid in light of the Supreme Court's ruling in *O'Lone v. Estate of Shabazz,* 482 U.S. 342 (1987). Plaintiff asserts that the court must not only decide whether the prison regulation regarding religious activities is valid, but must go further and determine whether the regulation was properly applied to his particular situation. The court makes the following additional statements.

The courts have said that decisions regarding penological goals are properly entrusted to those prison administrators "who are actually charged with and trained in the running of the particular institution under examination." *Bell v. Wolfish,* 441 U.S. 520, 562 (1979). Here it is clear that the plaintiff simply disagrees with the decision of the official who was ultimately charged with

18

the responsibility of certifying religious organizations in the Alabama prison system. Neither he nor this court can simply substitute their judgments for those of Chaplain Lindsey and the Religious Activities Review Committee. That is certainly true where the decision was based upon perceived security considerations.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED. The Court EXPRESSLY FINDS that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment is due to be GRANTED and this action is due to be DISMISSED WITH PREJUDICE. A Final Judgment will be entered.

DONE this the 18th day of November, 1998.

Sharon Lovelace Blackburn
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE